UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY TUCK, as an individual; DEBORAH TUCK, as an individual,<br><br>              Plaintiffs,<br>v.<br>WAYNE MCMULLEN, et al.,<br><br>              Defendants. | Case No.:  19-cv-1505-WQH-RBB<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion for Leave to File Amended Complaint filed by Plaintiff Roy Tuck. (ECF No. 51).

## I.   BACKGROUND

On August 12, 2019, Plaintiffs Roy and Deborah Tuck, proceeding *pro se*, filed a Complaint against Defendants Yes Energy Management, Inc. ("YEM"); Cascadians, Inc. ("Cascadians"); Champs; Associated Asset Management, LLC ("AAM"); Epsten Grinnel & Howell, APC ("EG&H"); Wayne McMullen; Donnie Drake; Nancy McLennan; Amanda Shaw; Annette Imoto; Michelle Dennis; and Does 1 through 10, inclusive. (ECF No. 1). Plaintiffs alleged claims against all Defendants except Defendant YEM for 1) violations of the Telephone Consumer Protection Act ("TCPA"); 2) violations of the federal Fair Debt Collection Practices Act ("FDCPA"); 3) violations of the California

Rosenthal Fair Debt Collection Practices Act; 4) misprision of felony; and 5) malicious prosecution. Plaintiffs alleged claims against all Defendants for 1) abuse of process; 2) defamation; 3) invasion of privacy; and 4) civil conspiracy.

On September 3, 2019, Defendants Wayne McMullen, Donnie Drake, and Nancy McLennan filed a Motion to Dismiss the Complaint. (ECF No. 8). On October 15, 2019, Defendants AAM and Cascadians filed a Motion to Dismiss the Complaint. (ECF No. 24). On the same day, Defendant YEM filed an Answer to the Complaint. (ECF No. 25).

On October 17, 2019, Plaintiffs voluntarily dismissed the claims against Defendants Amanda Shaw, Annette Imoto, and Michelle Dennis with prejudice. (ECF No. 27). On November 7, 2019, the Court issued an Order granting the parties' Joint Motion to Dismiss the claims against Defendant EG&H with prejudice. (ECF No. 35).

On April 13, 2020, the Court issued an Order granting Defendants' Motions to Dismiss the Complaint and dismissing the Complaint without prejudice and with leave to file a motion for leave to amend. (ECF No. 45). The Court determined that Plaintiffs failed to state facts sufficient to state a claim for violations of the TCPA and FDCPA. The Court determined that there is no private right of action to enforce the misprision of felony statute, 18 U.S.C. § 4, a federal criminal statute. The Court declined to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims.

On June 4, 2020, Plaintiff Roy Tuck filed a Motion for Leave to File Amended Complaint.[1] (ECF No. 51). Plaintiff Roy Tuck seeks to amend the Complaint to remove Plaintiff Deborah Tuck and Defendant Nancy McLennan, to remove all causes of action except the claim for violations of the TCPA, and to "[m]ore clearly plead and articulate[ ] [ ] the [ ] one sole remaining statutory cause of action" under the TCPA. (*Id.* at 4).

On June 15, 2020, Defendants AAM, Cascadians, Wayne McMullen, and Donnie Drake filed an Opposition to Plaintiff's Motion for Leave to File Amended Complaint.

---

[1] Plaintiff Roy Tuck seeks leave to file a "Second Amended Complaint." (ECF No. 51 at 5). The Court construes Plaintiff's request as a request to file a first amended complaint.

(ECF No. 52). On the same day, Defendant YEM filed an Opposition to Plaintiff's Motion for Leave to File Amended Complaint. (ECF No. 53). Defendants contend that amendment would be futile because the proposed amendments fail to remedy the deficiencies identified by the Court in its Order on Defendants' Motions to Dismiss. Defendants contend that the proposed amended complaint "still fails to identify which party took which action . . . [and] still does not sufficiently plead facts to state a proper claim for relief under the TCPA." (ECF No. 52 at 2 (emphasis omitted)). Defendant YEM further contends that Plaintiff fails to identify facts specific to YEM.

## II.   LEGAL STANDARD

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). The Supreme Court has identified several factors district courts should consider when deciding whether to grant leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Smith v. Pac. Props. Dev. Corp.*, 358 F.3d 1097, 1101 (9th Cir. 2004). "Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, *LLC*, 316 F.3d at 1052. "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC*, 316 F.3d at 1052.

///

///

### III. RULING OF THE COURT

In the proposed amended complaint, Plaintiff Roy Tuck alleges a single claim for violations of the TCPA against Defendants Wayne McMullen, Donnie Drake, Cascadians, YEM, AAM, and Champs.[2] Defendants' sole argument against granting leave to amend is futility. Defendants contend that leave to amend would be futile because the SAC fails to state a claim on which relief can be granted. However, "the sufficiency of an amended pleading ordinarily will not be considered on a motion for leave to amend." *Breier v. N. Cal. Bowling Proprietors' Ass'n*, 316 F.2d 787, 790 (9th Cir. 1963); *see Netbula v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) ("Denial of leave to amend on [futility] ground[s] is rare."). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. The Court will defer consideration of Defendants' challenges to the merits of the proposed amended complaint until after the amended pleading is filed. *See Netbula*, 212 F.R.D. at 539 ("Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed."); *Hynix Semiconductor, Inc. v. Toshiba Corp.*, No. C-04-4708 VRW, 2006 U.S. Dist. LEXIS 82148, at *6 (N.D. Cal. Oct. 31, 2006) (Defendant's challenges to the merits of a proposed amended pleading "should be addressed in a motion to dismiss or for summary judgment, not in an opposition to the present motion for leave to amend."). Upon consideration of the *Foman* factors, the Court finds that leave to amend should be granted pursuant to Rule 15(a).

///

///

---

[2] The docket does not reflect that Defendant Champs has been served with the original Complaint.

1  IT IS HEREBY ORDERED that Plaintiff Roy Tuck's Motion for Leave to File
2 Amended Complaint (ECF No. 51) is granted. Plaintiff shall file the proposed amended
3 complaint attached to the Motion for Leave to File Amended Complaint (ECF No. 51 at
4 11-51) within ten (10) days of the date of this Order.

5  Dated: July 2, 2020

*/s/ William Q. Hayes*
6  Hon. William Q. Hayes
7  United States District Court